This is not a proceeding to reverse the judgment of the County Court for any error of the court. Upon the face of the record everything was properly done. The parties were called and failed to appear, and the judgment on the bond followed of course. The grievance is that the creditors deceived or surprised the sureties so as to prevent them from producing the principals in discharge of themselves. We believe the writ of certiorari has not hitherto been used in a case like this, and we cannot approve of this novel application of the remedy.
Besides correcting errors of law of inferior tribunals in cases in which a writ of error will not lie, a certiorari has been allowed as a substitute for an appeal of which a party has been deprived, or which was lost by accident or surprise. The effect of it is to set aside the former judgment, or verdict and judgment, and order a new trial in the Superior Court. But it is manifest that the trial in the Superior Court ought to involve the same questions of fact only, which were made or might have been made in the inferior court, and that the writ ought not to be allowed to enable a person to take advantage of matter occurring subsequent to the first trial, much less to create a defense by some act to be done posterior to issuing the writ of certiorari. It is true, acertiorari has been allowed, and properly, where the judgment in the County Court was by default; and upon it, the judgment has been set aside and the defendant allowed to plead. But that can never be done unless the party show two things: first, an excuse for the laches in not pleading; and secondly, a good defense. Now the inquiry is, to (605) what time that defense must refer. It is obvious that it must have existed at the time the defendant was called on to plead in the original suit, since his claim to this remedy is that he was prevented from then pleading it, and that he ought, therefore, to be permitted now to do so as of apt time.
The case before us is entirely different. The applicant does not allege a surrender of the principals; but, on the contrary, admits that there was not. There was, therefore, no defense at law or legal bar at the time judgment was rendered in the County Court. He says he would have made the surrender if the other party had not induced him to believe it was not necessary. That fraud is, as a plea in the Superior Court, no bar to the creditor's demand on the bond. There was no *Page 477 
attempt in this case to place it on the record as the defense. On the contrary, the sureties came forward to make in the Superior Court an original surrender of the principals, and insist on that as the bar. Now,that could not have been a defense in the County Court, as it arose since the judgment there, and therefore the certiorari ought not to have been granted merely to enable the applicant to make and bring forward that matter. The truth is, that the whole ground of the application is that the party was surprised out of a defense he might have made in the County Court; which defense, from its nature, is entirely gone at law because it was not there made. That surprise may perhaps authorize the court in which the judgment was given to afford relief. At all events, it is the proper subject of jurisdiction of that court, which considers things done that might and ought to have been done. The relief is on the equity and not the law side of the court.
The party, upon his own showing, was therefore not entitled to acertiorari; but it issued improvidently, and ought for that reason to have been dismissed. That direction must accordingly be given to the Superior Court, with the further one, to issue a procedendo to the County Court, that execution may issue on the judgment there. This will of course not interfere with the appropriate judgment in the Superior Court on the bond, if any, given for the prosecution of the certiorari. The appellants must pay the costs in this Court.
PER CURIAM. Certiorari to be dismissed.
Cited: Watts v. Bogle, 26 N.C. 333; Kelsey v. Jervis, 30 N.C. 452;Lanceford v. McPherson, 48 N.C. 177; Buis v. Arnold, 53 N.C. 233; Bakerv. Halstead, 44 N.C. 44; Pritchard v. Sanderson, 92 N.C. 42. Dist.:Sharp v. McElwee, 53 N.C. 117.
(606)